IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSE ANDRES, #473741,        )
          )
    Plaintiff,        )
          )
v.        )   NO. 3:25-cv-00811
          )
CORECIVIC, et al.,        )   JUDGE RICHARDSON
          )
    Defendants.        )

## **ORDER**

State inmate Jose Andres filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and a notarized copy of his prisoner trust fund account statement (Doc. No. 2). The notarized account statement does not comply with the statutory requirements for obtaining pauper status. *See* 28 U.S.C. § 1915(a).

On January 5, 2026, the Court notified Plaintiff of this filing fee defect and required that he cure it within 30 days, by either paying the fee or utilizing an IFP form that the Clerk was directed to provide. (Doc. No. 11.) The Court explicitly warned Plaintiff that failure to comply with the Order may result in dismissal of his case and assessment of the full filing fee against him. (*Id.* at 2.)

The deadline for compliance with the Court's January 5 Order passed without any response from Plaintiff. He did not move for an extension of his deadline, nor did he pay the fee or file a pauper application. In short, Plaintiff has failed to prosecute his case. This failure justifies dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to Plaintiff's pro se status and the preference for

disposing of cases on their merits, *see Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)), the dismissal will be without prejudice.[1]

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution, and the full $405 filing fee is hereby **ASSESSED** against Plaintiff's inmate trust account. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."); *see also Burnett v. Walsh*, No. 20-2131, 2021 WL 8444848, at *2 (6th Cir. Dec. 21, 2021) (noting that the prisoner "remains obligated" to pay the full filing fee after the case is resolved).

Payment shall be remitted as follows: The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $405 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the

---

[1] This form of dismissal removes the case from the Court's docket, but "without barring the plaintiff from returning later, to the same court, with the same underlying claim," so long as any refiling is accomplished "within the applicable limitations period." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (quoting Black's Law Dictionary (7th ed. 1999)).

payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be directed to the Clerk of Court, United States District Court for the Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE